## H. M. Porter et al. *v.* E. Caspar.

1. **Trust and Trustee.** *Purchase by trustee with proceeds of trust property. Creditors.*

   Where a husband, who holds the legal title to land in trust for his wife for life, remainder to his children, sells it, and with the proceeds purchases other land, taking the title in his own name, he holds the latter land in trust, as he did the former; and it is not subject to his general individual debts so as to defeat the trust, however it may be as to mortgage debts.

2. **Resulting Trust.** *Code 1871, § 1779. Creditors of trustee. Husband and wife.*

   Code 1871, § 1779, which makes property standing in the husband's name liable to his debts, where the credit has been extended in consequence of his apparent ownership, applies to the acts of the husband, who, as such, has obtained the money of his wife and invested it in his own name. *Brooks* v. *Shelton, ante,* 353.

3. **Liability of Trust Estate.** *Plantation supplies and necessaries.*

   Where the husband is clothed with the fee of a plantation in trust for his wife for life, remainder to his children, the equitable life-estate of the wife is liable in equity to a judgment based on an indebtedness for plantation supplies furnished to the husband and wife for the use of the plantation, and for family supplies and necessaries purchased by the wife, or by the husband with her consent.

4. **Same.** *Judgment against husband.*

   In such a case, it is no objection to the maintenance of a bill to subject the wife's equitable estate that the indebtedness has been merged in

a judgment against the husband (*Clopton* v. *Matheny*, 48 Miss. 285), especially where she comes into equity to enforce the trust, and the creditor files his cross-bill.

5. SAME.　*Chancery.　Practice.　Demurrer to cross-bill.*

In such case, if there are no allegations in the cross-bill which could impose any liability upon the children's interest in remainder, and a demurrer is interposed, it should be sustained as to the children and overruled as to the wife.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

Harriet M. Porter and her children filed this bill in chancery to enjoin the sale of certain land levied on under an execution upon a judgment recovered by Mrs. E. Caspar against George C. Porter, the complainant's husband. The bill alleged that the land, the title to which is in Mr. Porter, was purchased with money arising from the sale of other land, which had been conveyed to him by the Union Bank, in trust for his wife for life, and, at her death, for their children. Mrs. Caspar answered the bill, denying the trust, and made her answer a cross-bill, alleging that the indebtedness upon which the judgment against George C. Porter was recovered was for plantation supplies for the plantation in suit, and for family supplies and necessaries for Mrs. Porter, purchased by Porter with the consent of his wife, and by his wife individually ; and prayed that, if the court should decide the land to be trust property, it might be sold by a commissioner, and the indebtedness paid.

There was a demurrer to the cross-bill, on the grounds that the debt was merged in the judgment against Porter, and that the allegations made no case to charge the estate of the *cestuis que trust.* From a decree overruling the demurrer the appeal was taken.

*M. Green*, for the appellants.

1. The debt was contracted by Porter, and the judgment is against him alone. This cannot bind the land. 43 Miss. 551 ; *Clopton* v. *Matheny*, 48 Miss. 293.

2. The children's interest in the land is certainly not liable for plantation supplies and necessaries.

3. The estate is held under the instrument creating it. The

power to bind it is measured by the terms of the trust-deed, not by the statute. *Musson* v. *Trigg*, 51 Miss. 172. The contract alleged in the cross-bill could not bind the wife's interest. 1 Perry on Trusts, §§ 127, 128.

*W. Calvin Wells*, for the appellee.

1. The cross-bill states a case to bind the wife's interest. Code 1871, § 1779. The credit was given on the faith of the husband's apparent ownership. It is also a substantial compliance with § 1780 of the Code.

2. The estate is bound for supplies and necessaries. Code 1871, § 2295.

3. The merger of the debt in a judgment against Porter alone does not affect the remedy. *Clopton* v. *Matheny*, 48 Miss. 296; *Guion* v. *Doherty*, 43 Miss. 553; *Cater* v. *Eveleigh*, 4 Des. Eq. 19.

CHALMERS, J., delivered the opinion of the court.

George C. Porter holds the land involved, just as he held that with the proceeds of which this was purchased; that is to say, seised with the fee as trustee for his wife for life, and remainder to her children. He could not defeat this trust by taking title to himself, nor will the property thereby become liable to those who have trusted him on the faith of his apparent ownership by virtue of the provisions of § 1779 of Code of 1871, which makes property standing in the husband's name liable to his debts, where the credit has been extended in consequence of this apparent ownership. That section applies to the acts of a husband who, as husband, has obtained possession of and invested the money of the wife in his own name. It finds illustration and application in the case of *Brooks* v. *Shelton*, *ante*, 353.

In the case at bar, Porter was invested with the legal title of the original land, as trustee for his wife, by deed duly executed and recorded, from the Union Bank. He sold the land, and with its proceeds bought the tract now in controversy, taking title to himself. In so doing he was guilty of a breach of his trust, and acted, and is to be regarded, as an ordinary trustee, and not as husband. It is evident that a trustee other than the husband could not by such a proceeding have

subjected the land bought in his own name to his general individual debts, so as thereby to defeat the trust, however it might be as to mortgage debts. That the trustee in this case happened to be the husband cannot affect the result.

The cross-bill, however, sets up that the judgment enjoined was based upon an indebtedness for plantation supplies furnished to Porter and wife for the use of the plantation, with the fee of which the husband was clothed as trustee for the wife, and also for supplies and necessaries for the family, purchased by the wife, or by the husband with her consent. The equitable life-estate of the wife would therefore be liable for this indebtedness, under the provisions of our statutes governing the separate property of married women, and under § 2295 Code 1871, which makes trust-estates liable to the debts of the *cestui que trust*, to the same extent as estates held in fee. Indeed, independent of this section, there would be no difficulty in subjecting such estates in equity.

It is no objection to the maintenance of the cross-bill against the life-estate of the wife, that the original indebtedness has been merged in a judgment against the husband, as held in *Clopton* v. *Matheny*, 48 Miss. 285. Especially must this be so where the title of the property stands in the name of the husband, and the wife comes into equity to enforce a trust in her own behalf. In such a case she must certainly do equity, by paying such debts as were properly and legally chargeable to her, though they have become merged in judgments against the husband.

There are no allegations in the cross-bill which could impose any liability upon the children's interest in remainder, and the demurrer should have been sustained as to them.

*Decree reversed, and cause remanded with instructions to sustain the demurrer as to the children, and overrule it as to Mrs. Porter.*